UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFERY SCOTT BROWN, JR.,

    **Plaintiff,**

  v.                                      Civil Action 1:24-cv-690
                                                  Judge Matthew W. McFarland
                                                  Magistrate Judge Chelsey M. Vascura

ANNETTE CHAMBERS-SMITH, *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Jeffery Scott Brown, Jr., an Ohio inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against several officers and employees of Lebanon Correctional Institute and the Ohio Department of Rehabilitation and Correction, alleging that they used excessive force and were deliberately indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution or failed to provide a remedy for the use of excessive force. (Compl., ECF No. 7.)  On January 3, 2025, the undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis*, but noted that Plaintiff's Complaint contains misjoined claims that advance unrelated allegations against several Defendants based on unrelated events that occurred at different times. The undersigned therefore ordered Plaintiff to file an amended complaint that complies with Federal Rule of Civil Procedure 20 within fourteen days. (ECF No. 6.) The January 3 Order further advised Plaintiff that if he failed to timely comply with the Order, the undersigned would conduct an initial screen under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) of Plaintiff's Eighth Amendment medical

indifference and excessive force claims arising from the June 28, 2024 incident involving Officer Cox and sever and dismiss without prejudice his remaining claims arising out of Officer Hayes's alleged use of excessive force on August 8, 2024. (*Id.*) Plaintiff has not filed an amended complaint, but on February 3, 2025, Plaintiff filed a "Notice of Joinder of Claims" seeking to proceed on all his claims against all Defendants despite the Court's misjoinder analysis because all claims involve the prison's use-of-force policy. (ECF No. 9.) However, as explained in the January 3, 2024 Order, the two incidents of excessive force do not arise out of the same transaction or occurrence and thus the claims arising out of each incident are not appropriately joined in the same action under Rule 20. (ECF No. 6.) Accordingly, all claims in this action, except Plaintiff's claims arising from the June 28, 2024 incident involving Officer Cox, are **SEVERED and DISMISSED WITHOUT PREJUDICE** to pursuing them in separate actions.

The Court now turns to the initial screen of Plaintiff's Eighth Amendment medical indifference and excessive force claims arising out of the June 28, 2024 incident under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## I.   STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

2

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

3

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that on June 28, 2024, Plaintiff was outside his cell when Defendant Officer Cox approached and threatened to spray Plaintiff with a chemical agent if Plaintiff did not enter his cell. Plaintiff placed his hands on his head and told Cox that he would enter the cell once Plaintiff's cellmate was done using the bathroom. Cox then sprayed Plaintiff in the face with a chemical agent. (Compl., ECF No. 7, PAGEID #62.) Plaintiff alleges that he "physically suffered for days before being allowed to decontaminate." (*Id.*) On June 30, 2024, Plaintiff filed a grievance against Cox for the use of excessive force, as well as a separate grievance about "the

inhumane practice of denying inmates a[n] opportunity to fully decontaminate." (*Id.* at PAGEID #64.) Chief Inspector E. Collins responded to Plaintiff's grievances, stating that the incident had been properly reported and investigated. (*Id.*)

Along with Officer Cox and Chief Inspector Collins, Plaintiff also sues Annette Chambers-Smith (Director of the Ohio Department of Rehabilitation and Correction ("ODRC")), D. Luneke (Warden at Lebanon Correctional Institution ("LeCI")), Mr. Marinich (Deputy Warden of Operations at LeCI), S. Cole (LeCI Institutional Inspector), and D. Edwards. All Defendants are sued in both their individual and official capacities. Plaintiff seeks damages and injunctive relief including revisions to LeCI's policies on use of force and chemical agents.

Having performed the initial screen under §§ 1915(e) and 1915A(b), Plaintiff **MAY PROCEED** on his individual-capacity Eighth Amendment excessive force and medical indifference claims against Officer Cox for damages. But Plaintiff's remaining claims must be dismissed.

First, Plaintiff has not stated a claim for injunctive relief. "When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for preenforcement review." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). In other words, "[p]ast harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019). Plaintiff does not allege any ongoing or likely future violations of his constitutional rights. Although he alleges that he was improperly sprayed with a chemical agent and prevented from decontaminating, his

5

allegations do not suggest that any similar excessive force or medical indifference is ongoing or imminent.[1] Plaintiff's claims for injunctive relief must therefore be dismissed.

Further, Plaintiff's official-capacity claims for damages must be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. Plaintiff's claims for damages fall outside the scope of *Ex Parte Young*. Accordingly, any official-capacity claims for damages must be dismissed.

---

[1] Even if the undersigned were to consider Plaintiff's allegations that were severed for misjoinder, Plaintiff alleges only two unconnected incidents of force, the most recent of which occurred four months prior to the filing of the Complaint.

As to Plaintiff's individual-capacity claims for damages, they must all—aside from Plaintiff's claims for excessive force and medical indifference against Officer Cox—be dismissed. First, Plaintiff fails to allege the necessary personal involvement by ODRC Director Annette Chambers-Smith, LeCI Warden Luneke, or D. Edwards. To prevail on a § 1983 claim, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To establish the second element, a plaintiff must show "personal involvement" by the defendant *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior.*" *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted). Plaintiff's only allegations involving Chambers-Smith are that "it is her policy that the other named Defendants quote and stand behind and her policy that is being challenged." (Compl., ECF No. 7, at PAGEID #60.) Similarly, Plaintiff alleges only that Luneke is liable because he is LeCI's warden and responsible for ensuring that staff follow policy, and that Edwards "failed to acknowledge the faulty policy" on decontamination in LeCI. (*Id.* at PAGEID # 60–61.) He does not allege that Chambers-Smith, Luneke, or Edwards were personally involved in any violation of Plaintiff's rights and therefore he cannot succeed on his § 1983 claims against these Defendants.

As for ODRC Chief Inspector E. Collins and LeCI Institutional Inspector S. Cole, Plaintiff alleges that he filed grievances arising out of the June 28, 2024 incident, but Collins and

Cole failed to provide a remedy. (*Id.* at PAGEID #61.) But Plaintiff's dissatisfaction with the handling of his administrative grievances fails to state a claim or otherwise satisfy his burden because "there is no inherent constitutional right to an effective grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

Finally, Plaintiff alleges that LeCI Deputy Warden Mr. Marinich ignored Plaintiff's requests to preserve and produce a copy of the security camera footage of the June 28, 2024 incident. But "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Morrow v. Tri Cnty. Jail*, No. 3:23-cv-21, 2023 WL 2726363, at *4 (S.D. Ohio Mar. 31, 2023) (dismissing plaintiff's claims that prison officials failed to respond to grievances and requests to preserve video footage), *report and recommendation adopted*, 2023 WL 5289382 (S.D. Ohio Aug. 17, 2023); *Johnson v. Warden*, No. 3:21-cv-1514, 2022 WL 344272, at *4 (D. Conn. Feb. 4, 2022) (same). And even if Plaintiff intends to advance a First Amendment claim for violating his right to access the courts, that claim fails. Plaintiff has not alleged that failure to preserve or produce video footage impeded him in any non-frivolous legal proceeding. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

### III. DISPOSITION

For the reasons above, all claims in this action, except Plaintiff's claims arising from the June 28, 2024 incident involving Officer Cox, are **SEVERED and DISMISSED WITHOUT PREJUDICE** to pursuing them in separate actions. Plaintiff is **ORDERED** to list 1:24-cv-690 as a related case if he elects to file additional actions.

8

Plaintiff **MAY PROCEED** in this case on his individual-capacity Eighth Amendment excessive force and medical indifference claims against Officer Cox for damages. It is **RECOMMENDED** that Plaintiff's remaining claims be dismissed for failure to state a claim upon which relief may be granted.

If Plaintiff wishes to have the United States Marshal effect service of the summons and Complaint on Defendant Cox, Plaintiff is **DIRECTED** to file a completed summons form (Form AO-440) and a service of process by U.S. Marshal form (Form USM-285). If Plaintiff does so, the Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Cox the issued summons, a copy of the Complaint (ECF No. 7), and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE