# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JEFFERY SCOTT BROWN, JR., | : | Case No. 1:24-cv-690 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| vs. | : | |
| ANNETTE CHAMBERS-SMITH, et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 15), Objections to the Report and Recommendation (Doc. 16), and Letter from Plaintiff (Doc. 17). Defendant did not file a response in opposition to Plaintiff's Motion. Therefore, the matter is ripe for review. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Reconsideration (Doc. 15).

## BACKGROUND

On March 5, 2025, Magistrate Judge Chelsey M. Vascura issued an Order and Report and Recommendation ("Report") (Doc. 13) on Plaintiff's Complaint. Objections to the Report were due fourteen days after its filing, or March 19, 2025. (*See* Report, Doc. 13.) On March 24, 2025, after seeing no objections filed in response to the Report, this Court adopted the Report in its entirety, severing and dismissing without prejudice all of Plaintiff's claims, except those from the June 28, 2024, incident with Officer Cox, allowing Plaintiff's Eighth Amendment claims against Officer Cox to proceed, and dismissing all

other claims with prejudice. (*See* Order, Doc. 14.) On April 9, 2025, Plaintiff filed a Motion for Reconsideration (Doc. 15) and his Objections to the Report (Doc. 16), along with a Letter to the Court (Doc. 17) and a Motion for Injunctive Relief (Doc. 18). The Motion for Reconsideration and Letter outline the circumstances of Plaintiff's incarceration that cause issues with his ability to timely respond to the Court. (*See* Docs. 15, 17.) The Motion for Reconsideration therefore requests that the Court accept his untimely-filed Objections and reconsider the Report in light of the Objections. (Motion, Doc. 15, Pg. ID 115-16.) The Letter also contains facts regarding Plaintiff's Motion for Injunctive Relief; however, the Court will allow the Magistrate Judge to first address the Motion for Injunctive Relief and the Letter as it relates to that Motion.

## LAW & ANALYSIS

### I.     Motion for Reconsideration

As a preliminary matter, the Court addresses the theory of Plaintiff's Motion for Reconsideration. First, given the posture of the case, the Court construes Plaintiff's Motion as a Motion for Relief from the Court's Order. *See Owens v. Keeling,* 461 F.3d 763, 776 (6th Cir. 2006) (Courts are to "construe filings by pro se litigants liberally"). Generally, such motions for relief are governed by either Federal Rule of Civil Procedure 59 or 60. Rule 59(e) allows a party to move to alter or amend a judgment within twenty-eight days after the entry of the judgment. Rule 60(a) governs corrections of a "clerical mistake or mistake arising from oversight or omission," to judgments or orders, while Rule 60(b) provides relief from a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could

2

not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(a), (b). Here, Plaintiff does not specify under which rule he seeks relief from judgment. But, the Court finds that Rule 60(b)(6) best characterizes the relief he seeks. A motion for relief from an order under Rule 60(b) requires a court to "revisit its legal analysis or otherwise correct an error of substantive judgment," *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (cleaned up). Courts have reopened matters under Rule 60(b) to address the merits of a pro se prisoner-plaintiff's objections where the prisoner mailbox rule applies. *Palmer v. Wainwright*, 1:19-CV-102, 2021 WL 9315817, at *1 (N.D. Ohio Nov. 29, 2021). As outlined below, the prisoner mailbox rule applies here, warranting the Court to reopen the matter under Rule 60(b).

The governing standard for a district court's review of a magistrate judge's report and recommendation turns on whether the parties filed objections. While a district court is not required to review the uncontested portions of a report and recommendation, it must review de novo any portions to which a party filed proper objections. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Plaintiff filed his Objections after the deadline outlined in the Report; the prison mailbox rule, however, considers a pro se prisoner's document to be filed at the time he "delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). Plaintiff's Objections were both dated by Plaintiff and stamped by the Lebanon

Correctional Institution on March 15, 2025, four days before Plaintiff's deadline to object. (*See* Objections, Doc. 15, Pg. ID 117, 122.)

Plaintiff explains in his Motion that, due to circumstances of his custody at the time the Report was filed, he had little access to the law library to prepare his Objections, and the earliest he could file them was March 15, 2025. (Motion, Doc. 15, Pg. ID 115.) Additionally, Plaintiff explains that the librarian who collected his Objections date-stamped and electronically filed them on March 15, 2025. (Motion, Doc. 15, Pg. ID 116; *see also* Objections, Doc. 15.) However, Plaintiff states that prison staff informed him after he received the Court's Order adopting the Report that the Court's electronic filing system had been down on March 15, 2025, meaning that his Objections were never filed. (*Id.*) Further, in his Letter, Plaintiff indicates that his legal mail and other personal belongings "have been taken and presumed lost." (Letter, Doc. 17, Pg. ID 124.) Thus, he requests that this Court "be understanding in light of any delays." (*Id.*) Given the circumstances and the evidence of Plaintiff's attempt to timely file, in the interests of justice, the Court will consider the merits of Plaintiff's Objections. *See Jones v. Warden, Ross Corr. Inst.*, No. 2:11-CV-871, 2013 WL 6230365, at *2 (S.D. Ohio Dec. 2, 2013).

## II. Plaintiff's Objections to the Report

Plaintiff objects to several parts of the Magistrate Judge's Report. First, Plaintiff asserts that the Report erroneously severs Plaintiff's claims against Officer Hayes, which arose from an incident that occurred about six weeks after the event with Officer Cox on June 28, 2024 (June 28 Incident). (Objections, Doc. 16, Pg. ID 117.) He states that the two incidents of force are appropriately joined because they both "fall under the umbrella of

4

oppression" at the Lebanon Correctional Institution, where officers are "weaponizing their chemical agent spray to assault and abuse inmates." (*Id.*) Joinder of parties is required if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). Here, Officer Hayes and Officer Cox are not required to be joined as defendants in this action; the adjudication of Plaintiff's claims surrounding the June 28 Incident has no bearing on that of his claims on the August 4 incident with Officer Hayes.

So, the Court turns to permissive joinder of parties. A plaintiff may join defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). In other words, a plaintiff may not "combine into one lawsuit unrelated claims against different defendants." *Robinson v. Rodarte*, 2017 WL 1017929, at *2 (E.D. Mich. Feb. 6, 2017). The Magistrate Judge ordered Plaintiff to file a Complaint compliant with Rule 20, to which Plaintiff responded with a notice seeking to join all claims. (*See* Order, Doc. 6; Notice of Amended Complaint, Doc. 9.) However, joinder of claims under Federal Rule of Civil Procedure 18 can only occur after proper joinder of parties under Rule 20. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778

5

(E.D. Mich. 2009). And, here, Plaintiff cannot join his claims against both Officer Hayes and Officer Cox in one lawsuit under Rule 20. Although the alleged conduct from each claim may be similar, the claims themselves arose out of separate occurrences. Moreover, relief on either one of the claims cannot be sought against both Defendants. Officer Hayes was not involved in and thus cannot be liable for the June 28 Incident, while Officer Cox was not involved in and cannot be liable for the August 4, 2024, event. Since Plaintiff cannot satisfy the first requirement under Rule 20(a)(2), joinder of the two parties is inappropriate. Severance and dismissal without prejudice of the claims unrelated to the June 28 incident is the proper remedy. *See* Fed. R. Civ. P. 21; *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017).

Plaintiff also includes in his Objections new claims of assault from different correctional officers, one of whom is a Defendant in this case, D. Edwards. (Objections, Doc. 16, Pg. ID 118.) He uses these incidents as evidence "establishing a pattern of behavior," making it "clear why all these incidents should remain joined as one claim under Rule 20." (*Id.*) However, this assertion misconstrues Rule 20; as explained above, these discrete events involving different parties have no bearing on one another and cannot be grounds on which to join parties. And, to the extent that Plaintiff attempts to join a new claim against Defendant Edwards, an objection is not the proper means to do so. Plaintiff's Objection to the Report's severance and dismissal of all claims not arising from June 28 Incident is thus not well-taken.

Plaintiff next objects to the Court's recommendation of denial of injunctive relief. The Magistrate Judge correctly pointed out that, when seeking such relief, "a plaintiff

6

must show actual present harm or significant possibility of future harm." (Report, Doc. 13, Pg. ID 107 (quoting *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997) (cleaned up)).) Plaintiff argues that he has shown significant possibility of future harm because his entire Complaint shows the oppressive, harmful environment that Defendants have caused, which puts him at significant risk of future harm. (Objections, Doc. 16, Pg. ID 119.) The harm, though, as alleged in the Complaint, does not suggest strong likelihood of imminent harm. (*See* Compl., Doc. 7, Pg. ID 60-62.) It only relays the past two events where Plaintiff claims Defendants harmed him. (*Id.*) And, "[p]ast harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019). Plaintiff uses his Objections to relay two additional events involving officers improperly using chemical agents against him; he states that these events indicate ongoing harm and risk of future harm. (Objections, Doc. 16, Pg. ID 119.) But, these new allegations "were not before the Magistrate Judge and, therefore, are not properly raised in an objection." *Hodges v. Rufus*, No. 2:24-CV-141, 2024 WL 469403, at *1 (S.D. Ohio Feb. 7, 2024) (citing *Moore v. United States Dep't of Agric.*, No. 17-5363, 2018 WL 1612299, at *2 (6th Cir. Jan. 31, 2018)). Therefore, the objection is not well-taken.

Plaintiff then moves to the Report's recommendation to dismiss official capacity claims under the doctrine of sovereign immunity. (Objections, Doc. 16, Pg. ID 119-20.) Plaintiff claims that he is suing Defendants for violating 42 U.S.C. § 1983 because they are responsible for allowing the use of cruel and unusual punishment against him, and thus the *Ex Parte Young* doctrine applies. (*Id.* at Pg. ID 120.) This doctrine allows claims for

7

prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *See Boler v. Earley*, 865 F.3d 391, 411-12 (6th Cir. 2017). However, as the Sixth Circuit in *Boler* stated, "the doctrine does not extend to retroactive relief," and so the Court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." 865 F.3d 391 (cleaned up). As the Court noted above, Plaintiff's Complaint does not allege ongoing constitutional or statutory violations; thus, the *Ex Parte Young* doctrine does not apply. Sovereign immunity bars Plaintiff's claims against Defendants in their official capacities. His Objection to the Report's application of the doctrine is not well-taken.

Finally, Plaintiff objects to the Report to the extent it recommends dismissal of individual-capacity claims against all Defendants but Officer Cox. (Objections, Doc. 16, Pg. ID 120-21.) The Report recommended dismissal of these claims because Plaintiff "fail[ed] to allege the necessary personal involvement" by the other Defendants. (Report, Doc. 13, Pg. ID 109.) To prevail on a § 1983 claim, the plaintiff must show (1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law. *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006). For the second element, the plaintiff must demonstrate "personal involvement" by the defendants. *Grinter v. Knight,* 532 F.3d 567, 575 (6th Cir. 2008) (cleaned up). Indeed, liability under § 1983 cannot be imposed "under a theory of *respondeat superior.*" *Id.* But, in his Complaint, Plaintiff only alleges that Defendant Chambers-Smith maintains a policy that Defendants "quote and stand behind," and it is her policy "that is being

8

challenged." (Compl., Doc. 7, Pg. ID 60.) For Defendant Luneke, Plaintiff claims that he is liable as the warden who ensures that staff follow the policy; similarly, his claim against Defendant Edwards is that Edwards "failed to acknowledge the faulty policy." (*Id.* at Pg. ID 60-61.) Plaintiff states in his Objections that these allegations show personal involvement in the alleged deprivation of rights because "[a]ll three Defendants implicitly authorized, approved, or knowingly ignored inmates' rights." (Objections, Doc. 16, Pg. ID 121.) But, "implicit" authorization, approval, or ignorance does not equate personal involvement as required by § 1983. *McCoy v. Celeste*, 836 F.3d 1348 (6th Cir. 1988) ("Without direct involvement, a right to control employees standing alone will not support liability of supervisory personnel in a § 1983 action"). This Objection, too, is not well-taken.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Plaintiff's Motion for Reconsideration is **GRANTED**;

2. Plaintiff's Objections to the Report (Doc. 16) are **OVERRULED**;

3. The Report (Doc. 13) remains **ADOPTED** in its entirety;

4. All of Plaintiff's claims, except those arising from the June 28, 2024, incident, are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to pursuing them in separate actions. Plaintiff **SHALL LIST** 1:24-cv-690 as a related case if he elects to file additional actions related to these claims;

5. Plaintiff's individual capacity claims Eighth Amendment claims against Officer Cox **MAY PROCEED**;

9

6. Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE;**

7. If Plaintiff wishes to have the United States Marshal effect service of the summons and Complaint on Defendant Cox, Plaintiff is **DIRECTED** to file a completed summons form (Form AO-440) and a service of process by U.S. Marshal form (Form USM-285). If Plaintiff does so, the Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Cox the issued summons, a copy of the Complaint (Doc. 7 ), and a copy of the Magistrate Judge's Order and Report and Recommendation (Doc. 13 ).

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND