UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERY SCOTT BROWN, JR.,

    **Plaintiff,**

  v.                                      Civil Action 1:24-cv-690
                                                Judge Matthew W. McFarland
                                                Magistrate Judge Chelsey M. Vascura

ANNETTE CHAMBERS-SMITH, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff, Jeffery Scott Brown, Jr., an Ohio inmate who is proceeding without the assistance of counsel, sues Defendant Officer Cox under 42 U.S.C. § 1983 for excessive force and deliberate indifference to his serious medical needs. (Compl., ECF No. 7; July 3, 2025 Op. & Order, ECF No. 19.) This matter is before the Court on Plaintiff's Motion for Injunctive Relief seeking transfer to another facility. (ECF No. 18.) For the following reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Injunctive Relief.

    Plaintiff commenced this action on December 2, 2024, advancing claims against several officers and employees of Lebanon Correctional Institution and the Ohio Department of Rehabilitation and Correction. Plaintiff alleged that Defendants used excessive force and were deliberately indifferent to his medical needs in violation of the Eighth Amendment to the United States Constitution or failed to provide a remedy for the use of excessive force. (Compl., ECF No. 7.) On March 5, 2025, after performing an initial screen under 28 U.S.C. §§ 1915(e)(2) and 1915A, the undersigned recommended dismissal of all of Plaintiff's claims apart from his

individual-capacity Eighth Amendment excessive force and medical indifference claims against Officer Cox for damages arising out of a use of force on June 28, 2024. (ECF No. 13.) The District Judge adopted that report and recommendation on March 24, 2025 (ECF No. 14) and affirmed that decision on reconsideration on July 3, 2025. (ECF No. 19.) Notably, the District Judge adopted the undersigned's recommendation that all claims other than those arising out of the June 28, 2024 incident with Officer Cox (i.e., those related to an August 8, 2024 use of force by Officer Hayes) be severed and dismissed without prejudice because those claims were unrelated and misjoined to the claims against Cox. (ECF Nos. 14, 19.)

Plaintiff now moves for an injunctive relief in the form of transfer to another facility to prevent retaliation from "the named Defendants." (ECF No. 18.) Plaintiff alleges that, in addition to the excessive force incidents involving Defendant Cox and nonparty Officer Hayes, Plaintiff has been subjected to two other incidents of excessive force by nonparty Officer Reeves on February 13, 2025, and by nonparty Captain Link on an unspecified date. (ECF No. 18.) Reeves and Link are not, and have never been, Defendants in this action. Plaintiff "fears that further retaliation is imminent once the named Defendants receive their summons notice." (ECF No. 18.)

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the

injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Id.*

Here, Plaintiff has not made the necessary showing of a strong likelihood of success on the merits. Plaintiff faces a significant burden of proving that Cox's use of force "was applied . . . maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). It is not unlikely that Defendant Cox will provide a differing account of the June 28, 2024 incident, such that the Court's resolution of Plaintiff's claim will require credibility determinations that cannot be made at this stage. Thus, the record currently available to the Court is not sufficient to demonstrate a strong likelihood of success on the merits. *See Johnson v. Payton*, No. 13-11437, 2013 WL 1843979 (W.D. Mich. Apr. 10, 2013) (denying preliminary injunctive relief where likelihood of success on prisoner's claims depended upon credibility assessments).

Moreover, Plaintiff has not demonstrated that he is likely to be subject to irreparable harm absent a transfer. Plaintiff alleges that Officer Cox used excessive force more than a year ago on June 28, 2024, but does not allege any further incidents involving Officer Cox. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (cleaned up). And, as already determined by the District Judge, discrete uses of force by other prison staff are not the proper subject of this lawsuit. Thus, additional uses of force by Officer Hayes, Officer Reeves, and Captain Link cannot satisfy the irreparable harm requirement. *See Jeter v. Ohio Dep't of Rehab. & Corr.*, No. 1:17-CV-756, 2018 WL 5783691, at *2 (S.D. Ohio Nov. 5, 2018), *report and recommendation*

3

*adopted*, 2019 WL 296190 (S.D. Ohio Jan. 23, 2019) (refusing to "enjoin non-parties" when "Plaintiff fail[ed] to allege that any of the named Defendants who remain in this case have taken any action against him").

Finally, Officer Cox as an individual lacks the power to unilaterally effect Plaintiff's transfer. The injunction that Plaintiff seeks is essentially an order requiring the Ohio Department of Rehabilitation and Correction to transfer Plaintiff to another facility. But the Department is not a party to this action and the Court therefore lacks jurisdiction over it for purposes of Plaintiff's motion. And an extra-jurisdictional injunction would hardly serve the public interest.

For these reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Injunctive Relief (ECF No. 18.)

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE