UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERY SCOTT BROWN, JR.,

      Plaintiff,

  v.                                   Civil Action 1:24-cv-690
                                        Judge Matthew W. McFarland
                                        Magistrate Judge Chelsey M. Vascura

ANNETTE CHAMBERS-SMITH, *et al.*,

      Defendants.

## ORDER

    This matter is before the Court on the motion of Defendant Officer Nicholas Cox to Vacate the Order Granting Plaintiff's In Forma Pauperis Status (ECF No. 29). Plaintiff commenced this action as a prisoner confined at Lebanon Correctional Institution (LeCI) and was granted leave to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. (ECF No. 6.) Defendant represents that Plaintiff was released from LeCI on October 25, 2025, under the supervision of the Ohio Adult Parole Authority. (*Id.*, citing the Ohio Department of Rehabilitation and Correction's ("ODRC") government website at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A682439).[1] Defendant argues that Plaintiff's release requires the Court to re-assess Plaintiff's eligibility to proceed without paying the filing fee in full. Plaintiff has not filed a memorandum in opposition to Defendant's Motion and the time to do so has now expired.

---

[1] The Court may take judicial notice of the information on ODRC's website. *See*, *e.g.*, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) (taking judicial notice of information from the Bureau of Prison's inmate locator service on its official website).

For good cause shown, Defendant's Motion (ECF No. 29) is **GRANTED IN PART and DENIED IN PART**. Defendant is correct that the PLRA governs the *in forma pauperis* status only of current prisoners, and that "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997). Plaintiff is therefore **ORDERED** to file, **WITHIN 30 DAYS** of the date of this Order, either a properly completed and signed non-prisoner *in forma pauperis* motion or the $405.00 filing fee for commencing a civil action. The Clerk is **DIRECTED** to enclose a copy of the non-prisoner *in forma pauperis* motion form along with this Order. Plaintiff is **CAUTIONED** that failure to either file a non-prisoner *in forma pauperis* motion or pay the filing fee may result in dismissal of this action for failure to prosecute.

However, Defendant has not set forth grounds for vacating the Court's previous order granting Plaintiff leave to proceed *in forma pauperis* under the PLRA during the time he was incarcerated. That portion of Defendant's Motion is denied.

Finally, although it appears Plaintiff was released from LeCI more than six weeks ago, Plaintiff has failed to provide the Court with an updated mailing address. Plaintiff has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [the *pro se* litigant's] address changed, [he] had an affirmative duty to supply the court with notice of any and all changes in [his] address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07-cv-289, 2010 WL 717275, at *1

(S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.").

Accordingly, Plaintiff is **ORDERED** to update his address with the Court **WITHIN 30 DAYS OF THE DATE OF THIS ORDER**. Plaintiff is **CAUTIONED** that failure to timely update his address with the Court may result in dismissal of this action for failure to prosecute.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE